United States District Court
Southern District of Texas
FILED

MAY 1 4 2008

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HUGO BALDERAS | § | |
| Movant | § | |
| | § | |
| | § | CIVIL ACTION NO. M-06-002 |
| vs. | § | |
| | § | CRIMINAL NO. M-04-730-01 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

## REPORT & RECOMMENDATION

Movant, a federal prisoner proceeding pro se, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. Entry Nos. 1; 6.) This case was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b). Pending before the Court is Respondent's Motion to Dismiss. (Dkt. Entry No. 10.) Movant did not file a response to the Motion to Dismiss. (*See* Dkt. Sheet.) This case is ripe for disposition, and an evidentiary hearing is unnecessary.

After careful review of the record and relevant law, the undersigned recommends that Respondent's Motion to Dismiss be **GRANTED**. It is further recommended that Movant's § 2255 motion be **DENIED** on the record and the claim be **DISMISSED** with prejudice.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and parties. *See* 28 U.S.C. § 2255.

## II. BACKGROUND

On December 22, 2004, Movant pleaded guilty to possession, with intent to distribute, 11.4 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2. (Crim.

1

Dkt. Entry No. 81.) On May 13, 2005, the Court sentenced Movant to 46 months in the custody of the Bureau of Prisons, 4 years of supervised release, and a $100.00 special assessment (Crim. Dkt. Entry No. 76.) Movant did not file a direct appeal. (*See* Crim. Dkt. Sheet.) Movant filed this instant action on or around December 27, 2005. (Dkt. Entry No. 1 at 10.)[1] *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (stating that a § 2255 motion is deemed filed at the time it is delivered to prison officials for mailing).

### III. SUMMARY OF THE PLEADINGS

Movant proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Movant argues that counsel rendered ineffective assistance by failing to object to the enhancement of his sentence for possession of a weapon. (Dkt. Entry No. 6 at 3.) Respondent argues that Movant's claim lacks merit. (*See* Dkt. Entry No. 10.) Respondent also moves the Court to expand the record to include an affidavit from former defense counsel, Juan A. Solis. (Dkt. Entry No. 10 at 6.) This motion to expand is granted.

### IV. APPLICABLE LAW & ANALYSIS

Claims of ineffective assistance of counsel are appropriately raised for the first time in a section 2255 proceeding, notwithstanding the doctrine of procedural default. *See Macer v. United States*, 538 U.S. 500, 504 (2003) (stating that, as a general rule, ineffective assistance of counsel claims are appropriately reserved for post-conviction collateral attacks by federal prisoners).

---

[1] Page numbers refer to the electronically-assigned (PDF) page numbers.

The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). When a federal prisoner proceeds under § 2255 on constitutional grounds of ineffective assistance of counsel, the prisoner must satisfy the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The prisoner must show that counsel's performance was deficient and that prejudice resulted from that deficiency. *Strickland*, 466 U.S. at 687. A reviewing court is not required to analyze both prongs if the prisoner fails to make the required showing under one of the prongs. *See id.* at 697.

To demonstrate deficient performance under the first prong, the prisoner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. A court's scrutiny of counsel's performance is "highly deferential," and every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* "Conscious and informed decisions on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

Under the second *Strickland* prong, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 687. In order to demonstrate prejudice in the context of guilty pleas, the movant must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As a general rule, prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

Movant contends that counsel was ineffective for failing to object to the weapon enhancement because the gun was found in his house a couple of weeks after the drug transaction at issue. Movant also claims he never acknowledged the gun or accepted responsibility for it. (Dkt. Entry No. 1 at 9.) Former defense counsel states in his affidavit that an objection would have been pointless because Movant told the AUSA and his attorney that he owned the gun for protection of the drugs that were found in the trunk of his car outside his house. (Dkt. Entry No. 10 at 15.) Solis also states that Movant acknowledged the gun and its use for drug protection to the ICE and DEA agents during debriefing, which Mr. Solis attended. (Dkt. Entry No. 10 at 15.)

Movant's claim of ineffective assistance of counsel fails under both *Stickland* prongs. Movant fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Movant does not demonstrate that counsel's decision to forgo an objection to the weapon enhancement fell below an objective standard of reasonableness. Although Movant argues that there was a sufficient basis to support an objection to the weapon enhancement, the record supports the conclusion that Movant's retrospective assessment of the evidence is unrealistically optimistic. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) (stating that the failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness). Moreover, Movant's post-conviction allegations about the weapon are unsupported, if not contradicted, by the record in the

criminal proceedings. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Movant also cannot demonstrate prejudice. The sealed sentencing transcript confirms that the Court was aware of the issues regarding the discovery of the weapon that Movant points to in support of his collateral claim. (Sealed Sentencing Tr. 5–6). Movant fails to highlight anything that demonstrates, beyond mere speculation, that there is a reasonable probability that the outcome of the proceeding would have been different if counsel had objected to the weapon enhancement. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992) (stating that mere speculation and conjecture are insufficient to show prejudice under *Strickland*).

In sum, Movant's sole claim of ineffective assistance of counsel lacks merit and should be dismissed.

## V. CONCLUSION

### *Recommended Disposition*

After careful review of the record and the applicable law, the undersigned respectfully recommends that Respondent's Motion to Dismiss (Dkt. Entry No. 10) be **GRANTED**. It is further recommended that Movant's motion pursuant to 28 U.S.C. § 2255 (Dkt. Entry Nos. 1, 6) be **DENIED** and the claim be **DISMISSED** with prejudice.

5

## *Notice to the Parties*

Within 10 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Movant via certified mail and to Respondent by any receipted means.

**DONE** at McAllen, Texas, this 14th day of May, 2008.

Dorina Ramos
UNITED STATES MAGISTRATE JUDGE